KURTZ, Bankruptcy Judge,
dissenting.
While I appreciate the majority’s effort to make sense of Bullock’s, recklessness standard, I have a different view of' that standard. The majority quotes selected portions of Bullock and concludes that, under Bullock, two different levels of recklessness are subsumed within the term “defalcation” as used in § 523(a)(4). According to the majority, the first level of recklessness included consists of criminal recklessness. The majority then suggests that a second level of recklessness is included, which is higher than the objective recklessness standard Bullock explicitly rejected but lower than criminal recklessness.
Unlike the majority, I have trouble reconciling this second, non-criminal level of recklessness with Bullock’s statements tying the requisite level of recklessness to criminal law, to the Model Penal Code, and to intentionally wrongful conduct. See, e.g., Bullock, 133 S.Ct. at 1759 (“where the conduct at issue does not involve bad faith, moral turpitude, or other immoral conduct, the term [defalcation] requires an intentional wrong. We include as intentional not only conduct that the fiduciary knows is improper but also reckless conduct of the kind that the criminal law often treats as the equivalent.”). In short, I believe that Bullock identifies only one level of recklessness as falling within the scope of defalcation under § 523(a)(4), and that is a criminal level of recklessness.
In this respect, and in several others, I prefer the analysis of Bullock’s recklessness standard set forth in MacArthur Co. v. Cupit (In re Cupit), 514 B.R. 42 (Bankr.D.Colo.2014). In my view, In re Cupit correctly identifies Bullock’s standard as being closely connected to the criminal law definition of recklessness. Id. at 50. Furthermore, In re Cupit offers a number of crucial observations regarding the applicable standard, which include the following:
• The applicable recklessness standard is predominantly subjective in nature and, in the first instance, focuses on the debtor’s actual awareness of the risk that his or her conduct might turn out to violate his or her fiduciary duties. Id. at 50-51.
• The debtor is not reckless within the meaning of § 523(a)(4) unless he or she consciously disregards or is willfully *746 blind to the risk of violating his or her fiduciary duties. Id. at 51-52.
• Both conscious disregard and willful blindness focus on the subjective state of mind of the debtor — what he or she actually was aware of and actually believed regardless of the objective reasonableness of that awareness or those beliefs. Id.
• If either of the above subjective elements are met, then the court also must find that the risk ignored was both substantial and unjustifiable. Unlike the conscious disregard and willful blindness elements, this element is predominantly objective in nature, and requires the court to assess whether, in disregarding (or blinding himself or herself to) the risk, debtor grossly deviated “from the standard of conduct that a law-abiding person would observe in the actor’s situation.” Id. at 52 (quoting Bullock, 133 S.Ct. at 1760).
In addition to In re Cupit, I also find persuasive Cincinnati Ins. Co. v. Chidester (In re Chidester), 524 B.R. 656, 661-62 (Bankr.W.D.Va.2015), which followed In re Cwpit. In re Chidester further refined Bullock’s, recklessness standard in order to correctly apply it in the summary judgment context. In re Chidester held that, on summary judgment, it could rule in favor of the plaintiff-creditor on the recklessness issue only if, given the state of the record, no reasonable trier of fact could have found in favor of the debtor: (1) regarding the debtor’s subjective awareness of his or her fiduciary duties; (2) regarding the debtor’s conscious disregard of (or willful blindness to) the risk that his or her conduct might breach those duties; and (3) regarding his or her subjective awareness of the substantial and unjustified nature of that risk. Id. at 662. In re Chidester’s summary judgment standard is consistent with Ninth Circuit precedent. See Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir.2007) (“Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party.”).
Given the predominantly subjective nature of Bullock’s recklessness standard and its focus on what the debtor actually was aware of and actually believed at the time, I am persuaded that a reasonable trier fact could find in favor of Heers on the recklessness issue. Indeed, when as here the defendant’s state of mind is disputed and is properly at issue, I believe summary judgment almost never will be appropriate. Determining a party’s state of mind typically requires choosing between two or more possible inferences as well as assessing the party’s credibility. See, e.g., Wang v. Ke (In re Ke), 2013 WL 4170250, at *13-14 (Bankr.N.D.N.Y. Aug. 14, 2013), aff'd, 2014 WL 4626329 (N.D.N.Y. Sept. 15, 2014); see also Hernandez v. New York, 500 U.S. 352, 364, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991) (noting that a litigant’s state of mind, for purposes of determining intent, largely turns on the court’s assessment of the litigant’s credibility). Assessing credibility and choosing between two or more possible inferences are tasks that simply cannot be performed properly in the process of ruling on a summary judgment motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
I agree with the majority that Heers’ performance of her duties was quite poor and that the explanations and excuses she offered in the probate proceedings for her conduct were unsatisfactory. I might even go so far as to characterize Heers’ conduct as criminally negligent. Nonetheless, based on my view of Bullock’s recklessness standard, I cannot transmute even crimi *747 nal negligence into a summary judgment ruling that Heers’ conduct rose to the same level as criminal recklessness. See generally In re Cupit, 514 B.R. at 50-51 (distinguishing between criminal negligence and criminal recklessness).
Accordingly, I respectfully dissent. I would reverse the bankruptcy court’s summary judgment ruling and would remand for trial on the defalcation/recklessness issue.